IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA EASTERN DIVISION

MARLON DWAYNE BOYKIN,
Petitioner,

v.

INTERNAL REVENUE SERVICE,
Respondent.


FILED
OCT 14 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEF CLK

Case No. 7:25-MC-3-RJ

**PETITIONER'S RESPONSE TO THE COURT'S SEPTEMBER 30 ORDER**

Petitioner Marlon Dwayne Boykin, proceeding *pro se*, respectfully submits this response to the Court's Order of September 30, 2025 ([DE-12]). As demonstrated below and by the attached exhibits, Petitioner has met all jurisdictional requirements, and this matter is properly before this Court.

## I. INTRODUCTION

The Court's order raised three jurisdictional issues: (1) the timeliness of the original motion to quash; (2) the proper service of the motion on the IRS; and (3) the propriety of venue in this District. The evidence provided herein resolves all three issues in Petitioner's favor. The IRS notice, though dated July 16, 2025, was not received by Petitioner until the last week of July 2025. Petitioner's motion to quash, filed August 4, 2025, was therefore timely. Furthermore, proof of service confirms the motion was properly served on the designated IRS agent. Finally, venue is proper because the IRS itself directed the summons to an office of Truist Financial located within this District, meaning Truist is "found" here for the purposes of the statute. For these reasons, the Court has jurisdiction to hear this case, and Petitioner respectfully requests the Court proceed to the merits of his pending motions.

## II. ARGUMENT
### A. The Motion to Quash Was Timely Filed.
The Court's order correctly notes that a proceeding to quash must be initiated within 20 days of when notice is "given." 26 U.S.C. § 7609(b)(2)(A). While the notice letter is dated July 16, 2025 (attached as **Exhibit A**), this date does not reflect when notice was actually given. As stated in the attached Declaration of Marlon Dwayne Boykin, the notice was not received until the last week of July 2025, indicating a significant delay from the date printed on the letter.

Based on a receipt date at the end of July, the 20-day deadline would fall in mid-to-late August. Petitioner's filing on August 4, 2025, was therefore timely. Moreover, the summons itself, issued by the IRS Criminal Investigation division, contained an unlawful instruction to Truist Financial: "Please do not disclose the existence of this subpoena to the above listed individuals or any third party." (See Exhibit A, Summons Attachment). This attempt to conceal the summons from Petitioner makes any argument by the Government about strict adherence to deadlines an act of bad faith.

### B. The Motion to Quash Was Properly Served on the IRS.
The Court questioned whether a copy of the petition was provided to the office designated by the IRS. The summons identifies the point of contact as Special Agent Maggie McLellan at the IRS-Criminal

Investigation office in Washington, D.C. (Exhibit A). On August 4, 2025, the same day the Motion to Quash was filed with the Court, Petitioner served a copy of the motion via Certified Mail to Special Agent McLellan at the address provided.

The signed return receipt, attached as **Exhibit B**, confirms the motion was successfully delivered and received by the IRS on August 22, 2025. This satisfies the service requirement of 26 U.S.C. § 7609(b)(2)(B), which requires the petitioner to "mail" a copy of the petition within the 20-day period.

**C. Venue is Proper in the Eastern District of North Carolina.**

Venue is proper in any district where the summoned party "resides or is found." 26 U.S.C. § 7609(h)(1). While Truist's corporate headquarters may be in the Western District, the IRS itself directed this summons to **Truist Financial, Legal Fulfillment, 4320 Kahn Drive, Lumberton, North Carolina 28358**. (Exhibit A). Lumberton is located in Robeson County, which lies within the Eastern District of North Carolina.

By serving the summons on an entity operating within this District, the Government has conceded that Truist is "found" here for the purposes of this action. It would be unjust and inefficient to force a second transfer of this case when the Government itself initiated contact with Truist in this very District.

### III. CONCLUSION

Petitioner has demonstrated that the motion to quash was timely filed and properly served, and that venue is proper in this District. Petitioner respectfully requests the Court find that jurisdiction is established and proceed to rule on the merits of Petitioner's Motion to Quash ([DE-1]) and Emergency Motion for Return and Destruction of Records ([DE-5]).

Respectfully submitted,

Date: October 5, 2025

*/s/ Marlon Boykin*

**Marlon Dwayne Boykin,** *Pro Se*
1343 First Street, NW Washington, D.C. 20001
(202) 568-0024
mboykin14@msn.com

## DECLARATION OF MARLON DWAYNE BOYKIN

I, Marlon Dwayne Boykin, hereby declare as follows:

1. I am the Petitioner in the above-captioned case. I have personal knowledge of the facts stated herein.
2. I provide this declaration in support of my Response to the Court's September 30 Order.
3. The IRS notice and summons in this matter, dated July 16, 2025 (attached as Exhibit A), was not received by me at my mailing address until the last week of July 2025. I am certain I received it after July 25, 2025.
4. I no longer possess the envelope in which the notice was mailed.
5. Upon receiving the delayed notice, I acted promptly by filing my Motion to Quash on August 4, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ____5____ day of October, 2025.

*Marlon Boykin*
**Marlon Dwayne Boykin**