IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:25-MC-00003-RJ

| | |
|---|---|
| MARLON DWAYNE BOYKIN, ) | |
| ) | |
| Petitioner ) | |
| ) | **IRS' REPLY TO** |
| v. ) | **PLAINTIFF'S RESPONSE** |
| ) | **TO ORDER [DE 12]** |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

This Court must dismiss Plaintiff Boykin's petition to quash the Internal Revenue Service's (IRS) administrative summons to third party, Docket Entry (DE) 1, and his subsequent petition to return or destroy documents, DE 5, for failure to meet his burden to demonstrate subject matter jurisdiction in this Court under the statutory waiver of sovereign immunity, 26 U.S.C. § 7609.

First, Plaintiff's evidence reveals he did not serve the petition to quash within 20 days as required under § 7609(b)(2)(B). Second, Plaintiff neither cited nor produced evidence to establish this Court qualifies as a district court granted jurisdiction under § 7609(h)(1). Accordingly, his petitions must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

## FACTS

On July 16, 2025, *see* McLellan Declaration at ¶ 7; IRS exhibit 1, at 3, IRS Special Agent (SA) McLellan served the registered agent of Truist Financial

(Truist), Corporation Service Company, by certified mail with tracking number (9589 0710 5270 2372 6128 19), with a summons (dated July 16, 2025) and attachment directing production of documents related to Plaintiff at 1156 15th Street NW, Suite 605, Washington, D.C. 20005, McLellan Declaration at ¶ 8; IRS exhibit 1, at 1-2; DE 14-1, at 1-5[1].

Also on July 16, 2025, *see* IRS exhibit 1, at 3, SA McLellan served Plaintiff by certified mail with tracking number (9589 0710 5270 2372 6128 02), with notice of the summons and its attachment, McLellan Declaration at ¶ 9; IRS exhibit 1, at 1-2 and DE 14-1, at 1-5; and notice of right to petition to quash the summons, DE 14-1, at 6, at 1343 First Street NW, Washington, D.C. 20001, *see* IRS exhibit 1, at 2-3.

On August 4, 2025, Plaintiff filed a petition to quash and dismiss the summons in the United States District Court for the District of Columbia. DE 1.

On August 5, 2025, via certified mail return receipt requested, Plaintiff served the petition to quash on Truist, IRS designee SA McLellan, and on the United States Attorney's Office for the District of Columbia[2]. DE 13, at 4.

On August 8, 2025, SA McLellan clicked on the link provided in an August 5, 2025 email from Truist and opened the Box.com folder containing the Truist production of documents. McLellan Declaration at ¶ 12; *see*, DE 5, at 2-3; DE 5-1. SA McLellan has not opened or reviewed the contents of the production pending adjudication of this petition. McLellan Declaration at ¶ 12.

On August 11, 2025, Truist received copies of Plaintiff's petition. DE 13, at 4.

---

[1] The United States relies on DE 14-1, rather than including the summons in the IRS' Exhibit 1. *See* Fed. R. Civ. P. 5.2(a)(1) and (h).
[2] The record does not reflect service on the Attorney General. Fed. R. Civ. P. 4(i)(1)(B).

On August 18, 2025, Plaintiff filed an emergency petition for return and destruction of documents. DE 5. On August 22 and 25, 2025, respectively, the IRS and Truist received copies of Plaintiff's emergency petition. *See* DE 14-2.

On September 17, 2025, this Court notified the parties of transfer of this case to the Eastern District of North Carolina. DE 8.

On September 30, 2025, this Court ordered Plaintiff, on or before October 13, 2025, to produce evidence in support of this Court's subject matter jurisdiction. DE 12, at 1-2, and 4. A reply by the IRS, if any, was authorized "no later than October 27, 2025." *Id.*, at 4.

*A day out-of-time*, on October 14, 2025, Plaintiff filed identical responses, DE 13 and 14, with different exhibits, *compare* DE 13, at 4, DE 14-1, and DE 14-2.

The IRS timely files a reply to Plaintiff's response [DE 13, DE 14] and exhibits [DE 13, at 4, DE 14-1 and 14-2].

## LAW AND ARGUMENT

Plaintiff was ordered to produce evidence to meet his burden to demonstrate this Court's subject matter jurisdiction to adjudicate his petitions—namely, evidence—that establishes each of the elements of 26 U.S.C. § 7609 whereby the United States waives sovereign immunity to suit for challenges to IRS' administrative summons to third parties. *See* DE 12, at 1-2, and 4. Plaintiff has failed to meet his burden. Though he timely filed a petition to quash, Plaintiff failed to serve the United States within the statutory time limit of twenty (20) days, which is a jurisdictional requirement. *See*, 26 U.S.C. § 7609(b)(2)(B). He also failed to cite

or produce evidence that the United States District Courts for the Eastern District of North Carolina are granted jurisdiction over his petitions. *Id.*, § 7609(h)(1). Accordingly, Plaintiff fails to meet his burden to demonstrate waiver of sovereign immunity, and both petitions must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

> A.  **United States's Immunity to Suit Absent Waiver**

The United States is immune from suit absent waiver of sovereign immunity. Relevant here, 26 U.S.C. § 7609, entitled "Special Procedures for Third-Party Summonses," "waives the sovereign immunity of the United States[.]" *Justin v. United States*, No. 5:05CV279, 2006 WL 497219, at *2 (W.D.N.C. Jan. 5, 2006). Section 7609 has two time-limited notice requirements. *See* 26 U.S.C. § 7609(b)(2)(A) and (B). These "notice requirements are jurisdictional prerequisites and must be strictly enforced by this court." *Id.*, 2006 WL 497219, at *2, citing (*Clay v. United States*, 199 F.3d 876, 879 (6th Cir.1999)). Additionally, subject matter jurisdiction is limited to certain federal district courts. *See* 26 U.S.C. § 7609(h)(1).

> B.  **Waiver of Immunity to Suit for IRS' Issuance of Third-Party Summons**

"[W]hen the IRS issues a summons to a third-party record keeper, the taxpayer to whom the summons relates may begin a proceeding to quash the summons within twenty days" of the date the IRS *mailed* the notice to the taxpayer. *MacAlpine v. United States*, No. 1:12MC15, 2012 WL 1313202, at *1–2 (W.D.N.C. Apr. 17, 2012) citing 26 U.S.C. § 7609(b)(2)(A).

Additionally, "the taxpayer seeking to quash the summons must 'mail by registered or certified mail a copy of the petition to the person summoned and to such office the [IRS] may direct in the notice [of summons it sends to the taxpayer]' *within that same twenty-day period.*" *Id.*, citing (26 U.S.C. § 7609(b)(2)(B) (emphasis added); *Berman v. United States,* 264 F.3d 16, 18–9 (1st Cir.2001) (twenty-day period runs from date of mailing not receipt, and provision of Rule 6 for additional three days inapplicable to § 7609(b)(2) which is a statute of limitations)). "[T]he Petitioner must file proof of service on the party to whom the third-party summons was issued and the office designated by the Secretary in the notice. Failure to do so deprives the district court of jurisdiction to entertain the proceeding." *Id.*, citing (*Dorsey v. United States,* 618 F.Supp. 471, 474 (D.Md.1985)). "The failure to comply strictly with § 7609(b)(2)(B) results in a finding ... that the [United States has] not waived [its] sovereign immunity and that the petition to quash those summonses must be dismissed." *Maikronz v. United States,* 612 F.Supp. 590, 591 (S.D.Ind. 1985)).

Last, a petition to quash must "be brought in '[t]he United district court for the district within which the person to be summoned resides or is found," DE 12, citing (26 U.S.C. § 7609(h)(l), entitled "Jurisdiction of the District Court")).

### C. Plaintiff Fails to Meet His Burden to Show All Elements of Waiver.

Here, the objective evidence establishes Plaintiff did not comply with all elements required to invoke waiver of sovereign immunity pursuant to 26 U.S.C. § 7609. Specifically, Plaintiff did not timely give notice to the IRS and the United

States Attorney's Office, and he fails to demonstrate this Court is authorized to adjudicate such suits. As such, he fails to meet his burden to demonstrate waiver of sovereign immunity and, thereby, his petitions must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

### 1. The Petition to Quash was Timely Filed.

The parties agree that the petition to quash, DE 1, was timely initiated under 26 U.S.C. § 7609(b)(2)(A). On July 16, 2025, the IRS mailed notice to Plaintiff of third-party summons via certified mail return receipt requested. *See* IRS Exhibit 1, at 2-3. Plaintiff had twenty days in which to initiate/file suit with the count beginning on the date of mailing, July 16, 2025. *See MacAlpine*, 2012 WL 1313202, at *1–2. Beginning on July 16, 2025, twenty days ends on August 4, 2025 (Monday). FRE 201. Hence, the petition to quash, filed on August 4, 2025, was timely filed. DE 1.

Plaintiff's reasoning, however, is incorrect as it is based on the date he received the IRS' notice, not the date on which notice was mailed. DE 14, at 1. Plaintiff testified he no longer possesses the envelope in which the IRS' notice was mailed. DE 14, at 3, ¶ 4. Because the notice does not indicate when it was mailed, Plaintiff argues he should be able to rely on the date he received it. DE 14, at 1. This is neither the law, *see MacAlpine*, 2012 WL 1313202, at *1–2, nor helpful to Plaintiff even if it was because he testified that he does not recall the date on which he received the IRS' notice, DE 14, at 3, at ¶ 3 ("received it after July 25, 2025").

## 2. Service of Statutory Notice to the United States was Untimely.

Plaintiff failed timely to give notice to the United States, which is a jurisdictional requirement. In addition to filing suit within 20 days, Plaintiff also had to send by registered or certified mail a copy of the petition to SA McLellan and the United States Attorney for the relevant federal district "within that same twenty-day period." *MacAlpine*, 2012 WL 1313202, at *1–2, citing (26 U.S.C. § 7609(b)(2)(B)). As noted above, beginning on July 16, 2025 (day 1), twenty days ends on August 4, 2025 (Monday). FRE 201. Plaintiff failed to mail his petition within 20 days.

Plaintiff produced the United States Postal Service receipt that documents he mailed the petition to SA McLellan, to Truist, and to the United States Attorney on August 5, 2025, *see* DE 13, at 4, twenty-one (21) days after the IRS mailed notice to him, IRS exhibit 1, at 3. FRE 201. Plaintiff's petitions to quash the summons and return documents, therefore, must be dismissed for failure to comply strictly with section 7609(b)(2)(B)'s notice requirements. Without section 7609, there is no waiver of sovereign immunity which "deprives this Court of jurisdiction to entertain the proceeding." *See MacAlpine*, 2012 WL 1313202, at *1–2 citing (*Dorsey v. United States*, 618 F.Supp. 471, 474 (D.Md.1985)); Fed. R. Civ. P. 12(b)(1).

Plaintiff recites incorrectly that he served the petition via certified mail return receipt requested on the same date that he filed the petition to quash, August 4, 2025. DE 13 and DE 14, at 2. Plaintiff's evidence contradicts his statement. It documents that Plaintiff mailed his petition on August **5**, 2025, not

August 4, 2025. *See* DE 13, at 4. As such, Plaintiff placed the petition in the mail one day out-of-time. *See* 26 U.S.C. § 7609(b)(2)(B).

Plaintiff also argues without citation to authority that service on the IRS, actual notice to the IRS, "satisfies the service requirement of 26 U.S.C. § 7609(b)(2)(B)[.]" *See* DE 13 and 14, at 2 citing (DE 14-2, at 1—signature on the return receipt card). It does not. There is no dispute that the IRS received the petition to quash. Timeliness is the issue, and actual notice does not cure untimeliness here. Per section 7609(b)(2)(B), Plaintiff must serve via registered or certified mail the IRS and the party summoned *within the same 20-days* as required to file the petition to quash—on or before August 4, 2025. *See MacAlpine v. United States*, No. 1:12MC15, 2012 WL 1313202, at *1–2 (W.D.N.C. Apr. 17, 2012). Here, Plaintiff did not, and actual notice does not cure this jurisdictional defect.

### 3. Plaintiff Fails to Show that Subject Matter Jurisdiction Lies in the Eastern District of North Carolina.

For purposes of section 7609, district courts where the summoned party "resides or is found" are imbued with subject matter jurisdiction to adjudicate challenges to IRS' summons to third parties. *See* 26 U.S.C. § 7609(h)(1). Plaintiff argues, without citation to authority, that venue is proper in the Eastern District of North Carolina because the IRS "directed" the summons to Truist's Financial Fulfillment Center in Lumberton, North Carolina which lies within the Eastern District. *See* DE 14, at 2. Plaintiff argues, also without citation to authority, that "[b]y *serving* the summons on an entity operating within this District, the

Government has *conceded* that Truist is 'found' here for the purposes of this action." DE 14, at 2 (emphases added).

Incorrect. The IRS "served" the summons on Truist Financial's registered agent, Corporation Service Company, in Washington DC, not on an entity in North Carolina. *See* IRS' Exhibit 1, at 2-3. The United States does not concede this element on which Plaintiff bears the burden of proof.

Further, the United States agrees with this Court, "according to the North Carolina Secretary of State (SOC), Truist maintains its *principal* office in Charlotte, North Carolina, N.C. Sec'y of State, https://sosnc.gov/online_services/search/Business_Registration_profile/4916566, (accessed 10/22/2025), in the Western District of North Carolina." DE 12, at 2 (emphasis added). Though the SOC lists a single address in Raleigh as both the registered office and registered mailing addresses, Raleigh being in the Eastern District of North Carolina, Plaintiff fails to cite to authority that this qualifies as "residing" or "being found" within the Eastern District, DE 13, DE 14, where Plaintiff "failed to allege that [Truist] had 'offices' within the [Eastern] district." *See* DE 12, at 3, citing (*Justin,* 2006 WL 497219, at * 1) ("At least one North Carolina federal court has determined that maintaining a branch in the district is insufficient to establish jurisdiction under 26 U.S.C. § 7609(h) where the financial institutions were not alleged to have 'offices' within the district."). As such, Plaintiff fails to meet his burden to demonstrate that Truist resides or can be found in the Eastern District of North Carolina.

CONCLUSION

For the foregoing reasons, this Court must dismiss for lack of subject matter jurisdiction Plaintiff's petitions to quash [DE 1] and for return or destruction of documents [DE 5]. Fed. R. Civ. P. 12(b)(1).

Respectfully submitted, this 27th day of October, 2025.

By: /s/ Sharon C. Wilson
SHARON C. WILSON
Assistant United States Attorney
United States Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: sharon.wilson2@usdoj.gov
N.C. Bar #18435

CERTIFICATE OF SERVICE

    I do hereby certify that I have this 27th day of October, 2025, served a copy of the foregoing upon the below listed party electronically using the CM/ECF system or by placing a copy of the same in the U.S. Mail, addressed as follows:

Marlon Dwayne Boykin
1343 First Street, NW
Washington, DC 20001
(202) 568-0024
*PRO SE*

By: /s/ Sharon C. Wilson
SHARON C. WILSON
Assistant United States Attorney
United States Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: sharon.wilson2@usdoj.gov
N.C. Bar #18435