IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:25-MC-3-RJ

| | |
|---|---|
| MARLON DWAYNE BOYKIN,  )<br>  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>INTERNAL REVENUE SERVICE,  )<br>  )<br>Respondent.  )  | O R D E R |

This matter is before the court on Marlon Dwayne Boykin's ("Petitioner") motion to quash an administrative summons issued by the Internal Revenue Service ("IRS") to Truist Financial ("Truist") for Petitioner's financial records, [DE-1], and emergency motion for return and destruction of the financial records Truist produced to the IRS, [DE-5]. For the reasons that follow, the motion to quash is denied for lack of subject matter jurisdiction and the motion for return and destruction is denied as moot.

Petitioner asserts that the IRS served a summons dated July 16, 2025 on Truist seeking production of his private financial records for a five-year period dating back to January 1, 2020. [DE-1] at 1. On August 4, 2025, Petitioner filed the instant petition to quash the summons on the grounds that it is defective, overbroad, unduly burdensome, violates his constitutional and statutory rights, and constitutes an impermissible fishing expedition. *Id.* After Petitioner learned that Truist produced documents in response to the summons on August 8, 2025, he moved to claw back the production. [DE-5]. Petitioner initially filed this proceeding in the District of Columbia where he resides, but the court there determined that the matter must be brought where Truist, i.e., the person to be summoned, resides or is found. *Boykin v. Internal Revenue Serv.*, No. MC 25-127 (TJK),

2025 WL 2239249, at *1 (D.D.C. Aug. 6, 2025) (citation omitted). The court in the District of Columbia found that Petitioner failed to demonstrate it had jurisdiction and transferred the case to this district because "the only information Petitioner has provided regarding Truist is that he served Truist at an office location in Lumberton, North Carolina—in the Eastern District of North Carolina." *Id.*; *see* [DE-6] (transferring case to the Eastern District of North Carolina "where it appears Truist does reside or can be found").

After this court received the matter and reviewed the petition, it determined that because Petitioner has not provided a copy of the notice and summons issued by the IRS, the court could not determine whether the matter was initiated "not later than the 20th day after the day [] notice is given," *id.* §7609(b)(2)(A), or whether Petitioner provided a copy of the petition to the persons entitled to notice, *id.* § 7609(b)(2)(B). [DE-12] at 3. The court also determined that Petitioner had not provided sufficient information to establish that Truist "resides or is found" in this district for the purpose of establishing jurisdiction under 26 U.S.C. § 7609(h). *Id.* at 2–3. The court ordered Petitioner to address the noted deficiencies and provided the IRS an opportunity to respond. *Id.* at 4.

Petitioner filed two responses to the court's order. In the first response, Petitioner stated that (1) the IRS notice was dated July 16, 2025 but was not received by Petitioner until the last week of July, (2) Petitioner served a copy of the motion on the IRS on August 4, 2025, and (3) the IRS directed the summons to Truist in Lumberton, North Carolina, which is in the Eastern District, so the Government has conceded jurisdiction. [DE-13] at 1–2. Petitioner also filed a declaration in support, a certified mail return receipt card addressed to Truist, and certified mail receipts addresses to the IRS agent, Truist, and the U.S. Attorney's Office. [DE-13] at 3–4. The second response appears identical in substance but has different attachments, to wit: the list of documents

the IRS sought from Truist and a copy of the IRS notice Form 2039, [DE-14-1]; and certified mail return receipt cards addressed to the IRS agent and Truist, [DE-14-2]. The Government responded that while it concedes the petition was timely filed, Petitioner has failed to carry his burden to demonstrate that the petition was timely served or that jurisdiction is proper in this court. [DE-15].

Under 26 U.S.C. § 7609, a person whose records are the subject of an administrative summons issued to a third party has the right to notice and the right to seek to quash the summons. 26 U.S.C. § 7609(a)(1), (b)(2). However, the proceeding to quash must be initiated "not later than the 20th day after the day [] notice is given," *id.* §7609(b)(2)(A), the movant must provide a copy of the petition "to the person summoned and to such office as the Secretary may direct in the notice," *id.* § 7609(b)(2)(B), and the petition must be brought in "[t]he United States district court for the district within which the person to be summoned resides or is found," *id.* § 7609(h)(1). Each of these requirements is jurisdictional and must be "strictly enforced." *Justin v. United States*, No. 5:05-CV-279, 2006 WL 497219, at *2 (W.D.N.C. Jan. 5, 2006) ("Section 7609 waives the sovereign immunity of the United States; therefore, the statute's notice requirements are jurisdictional prerequisites and must be strictly enforced by this court.") (citing *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999)); *see also United States v. Mettetal*, 714 F. App'x 230, 233 (4th Cir. 2017) ("It is elementary that federal courts are courts of limited jurisdiction . . . possess[ing] only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree.") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Petitioner bears the burden of establishing the court's jurisdiction. *See Boykin*, 2025 WL 2239249, at *1 (citation omitted).

The IRS summons to Truist and the notice to Petitioner were dated July 16, 2025, and were mailed on the same date. [DE-14] at 3; [DE-14-1] at 6; [DE-15-1] at 1; [DE-15-1] at 3. The operative date for purposes of § 7609 is the date the notice is mailed rather than when the notice is received by Petitioner. *See Fisher v. United States*, No. CIV.A. 3:13-MC-08, 2013 WL 6074076, at *3 (E.D. Va. Nov. 18, 2013) ("Notice of a third-party summons served by the IRS is given on the date it is mailed.") (citing *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990); *Stringer v. United States*, 776 F .2d 274, 275 (11th Cir. 1985); *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985); *Sarnowski v. United States*, 3:05–MC–0009, 2005 WL 2715656, at *1 (E.D. Va. Sept. 8, 2005)); *MacAlpine v. United States*, No. 1:12-MC-15, 2012 WL 1313202, at *1 (W.D.N.C. Apr. 17, 2012) ("The law provides that when the IRS issues a summons to a third-party record keeper, the taxpayer to whom the summons relates may begin a proceeding to quash the summons within twenty days of the mailing of the notice from the Secretary.") (footnote omitted) (citing 26 U.S.C. § 7609(b)(2)(A)). "In other words, the date that the Government mails the notice of the summons begins the running of the 20–day period." *Mayberry v. United States*, No. 5:11-CV-165, 2011 WL 3104696, at *1 (E.D.N.C. July 23, 2011). Therefore, Petitioner had 20 days from July 16, until August 4, 2025, to both file his petition to quash and to mail that petition to those entitled to notice. 26 U.S.C. § 7609(b)(2).

IRS Form 2039 directs that the petition "must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4," and that "[a]t the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS." [DE-14-1] at 6. The certified mail receipts filed by Petitioner, which are addressed to the IRS agent, Truist, and the U.S. Attorney's Office, are dated August 5, 2025, [DE-13] at 4, one day after the statutory 20-day period ended on

4

August 4, 26 U.S.C. § 7609(b)(2). "Because § 7609 waives the sovereign immunity of the United States, the statute's notice requirements are jurisdictional prerequisites and must be strictly enforced by this court." *Vaughan v. United States*, No. 5:01-CV-990-F(3), 2002 WL 1058118, at *1 (E.D.N.C. Apr. 11, 2002) (citations omitted). Petitioner failed to timely mail notice of his petition to the IRS agent, Truist, and the United States, within the 20-day period required by the statute, so the court lacks subject matter jurisdiction over the petition.[1] *See Justin*, 2006 WL 497219, at *2 (denying motion to quash an IRS third-party subpoena for lack of jurisdiction because the United States Attorney was served "well outside the 20 day period provided by Section 7609(b)(2)(B), and there is no indication of record that such process was 'mailed' on or before the close of the 20-day period"). Accordingly, the petition to quash is denied for lack of subject matter jurisdiction and the motion for return and destruction of documents is denied as moot.

So ordered, the 28th day of October, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge

---

[1] The court need not reach the issue of whether Truist "resides or is found" in this district because the lack of timely notice of the petition alone divests the court of jurisdiction.